**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RADIANCE CAPITAL RECEIVABLES EIGHTEEN, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4: 20 CV 402 DDN |
| MARK A. OWEN, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on the motion of defendants Mark A. Owen, individually and as Trustee of the defendant Marc A. Owen Revocable Trust, and Jacqueline L. Owen, individually and as Trustee of the defendant Jacqueline L. Owen Revocable Trust,[1] to dismiss Counts 1 and 6 of plaintiff Radiance Capital Receivables Eighteen, LLC's Second Amended Complaint under Fed. R. Civ. P. 12(b)(6), or in the alternative for a more definite statement under Rule 12(e). (Doc. 58.)

***Rule 12(b)(6) standard***

A defendant may use Rule 12(b)(6) to seek dismissal of a pleading for plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To overcome this defense, a complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), providing more than just labels and conclusions, *id.*at *555*. A legally sufficient complaint will "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and it will state a claim for relief that rises above mere speculation. *Twombly*, 550 U.S. at 555.

[1] Both Trusts are dated January 30, 2003.

In reviewing a complaint under this standard, the Court must accept all of the plaintiff's *factual allegations* as true and draw all inferences in the plaintiff's favor, but the Court is not required to accept the *legal conclusions* the plaintiff draws from the facts alleged. *Retro Television Network, Inc. v. Luken Commc'ns, LLC,* 696 F.3d 766, 768-69 (8th Cir. 2012). The court additionally "is not required 'to divine the litigant's intent and create claims that are not clearly raised,' . . . and it need not 'conjure up unpled allegations' to save a complaint." *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) (en banc) (internal citations and quotation marks omitted).

As an alternative to dismissal, movants seek a more definite statement of plaintiff's Counts 1 and 6, under Rule 12(e). Rule 12(e) states in relevant part, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

***Plaintiff's Second Amended Complaint***

In this action, plaintiff seeks to liquidate a debt it has acquired, which arose from the judgment entered in Case No. 4:16 CV 1921 SPM in this District Court, against the defendants in this case. Plaintiff alleges that the defendant-debtors have transferred assets with the actual intent to hinder, delay or defraud plaintiff as their judgment creditor.

Plaintiff alleges six claims against seven individual defendants and two revocable trusts, based upon the Missouri Uniform Fraudulent Transfer Act, Mo. Rev. Stat. §§ 428.005 to 428.059 ("MUFTA").[2] Under MUFTA, plaintiff must plead and prove the following:

(1) a debtor

(2) (a) made a transfer or (b) incurred an obligation,

(3) that is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, and

[2] Plaintiff invokes the Court's subject matter jurisdiction based upon the diversity of the parties' citizenship and the amount in controversy, granted by 28 U.S.C. § 1332(a)(1).

(4) if the debtor did so

(i) with actual intent to hinder, delay, or defraud any creditor of the debtor, or

(ii) without receiving a reasonably equivalent value in exchange for the transfer or the obligation, and

(a) the debtor was engaged or was about to be engaged in a business or transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or

(b) the debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

*See* Mo. Rev. Stat. §428.024.1. MUFTA lists, without limitation, facts that may indicate fraudulent intent:

(1) The transfer or obligation was to an insider;

(2) The debtor retained possession or control of the property transferred after the transfer;

(3) The transfer or obligation was disclosed or concealed;

(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor absconded;

(7) The debtor removed or concealed assets;

(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

(11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

*See* Mo. Rev. Stat. § 428.024.2.

The Missouri Court of Appeals has described the application of MUFTA as follows:

> "To set aside a transfer as fraudulent under MUFTA, it is necessary to show that the transfer was made with an intent to hinder, delay, or defraud creditors." *Birkenmeier v. Keller Biomedical, LLC,* 312 S.W.3d 380, 389 (Mo.App.E.D. 2010); *see also* Section 428.024. "The burden of proof is on the creditor, and fraud is never presumed when the transaction may be fairly reconciled with honesty." *Bueneman v. Zykan,* 52 S.W.3d 49, 54 (Mo.App.E.D. 2001) (citing *Nance v. Nance,* 880 S.W.2d 341, 346 (Mo.App.E.D. 1994)). The burden is on the plaintiff to prove intent to defraud and it must be shown by clear and convincing evidence. *Birkenmeier,* 312 S.W.3d at 389. However, intent to defraud is often difficult to prove by direct evidence. *Id.* Therefore, Missouri courts may look to a number of "badges of fraud" to infer intent to defraud from the factual circumstances. *Id.*; *see also First Home Savings Bank v. C & L Farms, Inc.,* 974 S.W.2d 621, 625–26 (Mo.App.S.D. 1998) ("Missouri courts are willing to look to 'badges of fraud,' which may be considered to determine the presence of fraud, since they are items which so frequently attend conveyances to hinder, delay or defraud creditors").
>
> In Missouri, the badges of fraud include: (1) a conveyance to a spouse or near relative; (2) inadequacy of consideration; (3) transactions different from the usual method of transacting business; (4) transfers in anticipation of suit or execution; (5) retention of possession by the debtor; (6) the transfer of all or nearly all of the debtor's property; (7) insolvency caused by the transfer; and (8) failure to produce rebutting evidence when circumstances surrounding the transfer are suspicious. *Taylor v. Clark,* 140 S.W.3d 242, 251 (Mo.App.S.D. 2004). Section 428.024.2 has also codified eleven "factors" that may be considered in determining actual intent under Section 428.024.1.[10] That section provides as follows:
>
>> In determining actual intent under subdivision (1) of subsection 1 of this section, consideration may be given, among other factors, to whether: (1) The transfer or obligation was to an insider; (2) The debtor retained possession or control of the property transferred after the transfer; (3) The transfer or obligation was disclosed or concealed; (4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) The transfer was of substantially all the debtor's assets; (6) The debtor absconded; (7) The debtor removed or concealed assets; (8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

> (9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; (10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

> Section 428.024.2. For a court to find that the transfer was fraudulent, several badges of fraud must be shown. *Birkenmeier,* 312 S.W.3d at 389. However, even where a transfer is found to be fraudulent as to a creditor under Section 428.024.1, the transfer is not voidable "against a person who took in good faith and for a reasonably equivalent value [ ... ]" Section 428.044.1.

*Higgins v. Ferrari*, 474 S.W.3d 630, 636-37 (Mo. Ct. App. 2015); *see also Birkenmeier v. Keller Biomedical, LLC*, 312 S.W.3d 380, 390 (Mo. Ct. App. 2010).

Generally stated, plaintiff organizes its allegations in six counts according to the respective properties allegedly fraudulently transferred by the indicated defendants:

Count 1: the "Lake Warrenton Property" by defendants Marc Owen and Jacqueline Owen;

Count 2: the "Highway 47 Property" by defendants Bryan Owen, Mary Beth Owen, Samantha Owen, Zachary Owen, and Joshua Owen;

Count 3: the "Owen Property I" by defendants Bryan Owen, Mary Beth Owen, Samantha Owen, Zachary Owen, and Joshua Owen;

Count 4: the "Owen Property II" by defendants Bryan Owen, Mary Beth Owen, Samantha Owen, Zachary Owen, and Joshua Owen;

Count 5: the "Owen Property III" by defendants Bryan Owen, Mary Beth Owen, Samantha Owen, Zachary Owen, and Joshua Owen; and

Count 6: the "Ag Property" by all named defendants.

The present movant-defendants direct their motion to dismiss the only counts directed to them, Counts 1 and 6.

***Counts 1 and 6***

Movants argue that Counts 1 and 6 of the Second Amended Complaint allege only two specific facts, *i.e.,* that on December 28, 2016, Marc and Jacqueline Owen transferred

their individual interests in the Lake Warrenton Property to their Trusts and that they still live on the property without paying rent to the trusts. Defendants argue that the remaining allegations are simply restatements of the badges of fraud set out in § 428.024 without any supporting specific facts.

Movants also invoke Federal Rule of Civil Procedure 9(b) by arguing that plaintiff has failed to allege the alleged fraud with particularity, citing *Ambassador Press, Inc. v. Durst Image Tech. U.S., LLC,* 949 F.3d 417, 421 (8th Cir. 2020) (fraud must be supported by factual allegations of the "'who, what, where, when, and how' of the alleged fraud.").

Movants point to paragraph 58 to exemplify their argument:

> 58.  The Lake Warrenton Property was transferred at a time when Marc Owen and Jacqueline Owen were engaged or about to be engaged in a business or transaction for which the remaining assets of Marc Owen and Jacqueline Owen were unreasonably small in relation to the business or transaction.

Movants argue this paragraph alleges no specific facts that indicate the establishment of the "business or transaction" involved.

Plaintiff directs the Court's attention to ¶35 (on and after June 14, 2016, all defendants communicated about plaintiff's notice of debt enforcement so to transfer assets that would be subject to suit and levy) , ¶56 (the Lake Warrenton Property was transferred by individual, named defendants with the intent to hinder, delay, or defraud plaintiff); and ¶116 (the Ag Property was transferred by individual, named defendants with the intent to hinder, delay, or defraud plaintiff) as examples of the specificity of the complaint's factual allegations.

Further, regarding statutory badge of fraudulent intent 1, above, plaintiff points to its allegations in ¶55 (the Lake Warrenton Property was transferred from named defendants to named defendants' defendant Trusts on December 28, 2016, referencing a title report for the property, Ex. F, attached to complaint); and ¶¶114-115 (the Ag Property was transferred from named individual defendants to other named individual defendants on August 23, 2016, referencing Ex. L, Callaway County Assessor and Tax Records, attached to complaint).

Regarding badge 2, above, plaintiff points to its allegations in ¶¶62-63 (after the named individual defendants transferred the named property to their defendant Trusts, "they continued to maintain control over the property essentially as they had prior to the transfer"); ¶¶123-24 (after the transfer of the Ag Property by named individual defendants to named individual and Trust defendants, the transferors "continued to maintain control over and benefit from the AG Property "essentially as they had prior to the transfer").

Regarding badge 4, above, plaintiff points to ¶¶15-26 (specifically describing the subject debt and related documents, including the provisions of those documents, the specific identification of the debtors, and the specific dates the documents were executed); ¶¶32-34 (the specific dates of plaintiff's communications to the specifically named debtors that plaintiff had purchased the subject note and intended to collect on the debt);  ¶61 (alleging that after they learned plaintiff intended to collect on the note and guarantees, and after they had been sued on the same, the named individual defendants transferred the Lake Warrenton Property); and ¶122 (alleging the previously named debtor transferors transferred the Ag Property after knowing plaintiff intended to collect on the debt).

Regarding badge 5, above, plaintiff points to ¶¶59-60 (the Lake Warrenton Property was transferred to insiders when named defendant transferors were insolvent or they became insolvent by the transfer as the insider transferees had reason to know); and ¶¶119-21 (alleging that, when the Ag Property was transferred by the debtor transferors, the transferors believed or should have believed they would incur debts beyond their ability to pay, and the insider transferees had reason to believe the debtor transferors were insolvent).

Regarding badge 7, above, plaintiff points to the same paragraphs referenced regarding badge 1, above.

Regarding badge 9, above, plaintiff points to ¶¶59-60 (the Lake Warrenton Property was transferred to insiders when named defendant transferors were insolvent or they became insolvent by the transfer as the insider transferees had reason to know); and ¶¶118-21 (the Ag Property was transferred when the debtors were engaged in or about to be engaged in a business or transaction for which their remaining assets were insufficient; in making the transfers, the debtors knew they would incur debts beyond their ability to pay;

the transfers were made when the debtors were or were about to be insolvent; the Ag Property was transferred to insiders for an antecedent debt or when the transferors were insolvent and the insider transferees reasonably knew such).

Regarding badge 10, above, plaintiff points to ¶¶15-26 (specifically describing the subject debt and related documents, including the provisions of those documents, the specific identification of the debtors, the specific dates the documents were executed); ¶¶32-34 (the specific dates of plaintiff's communications to the specifically named debtors that plaintiff had purchased the subject note and intended to collect on the debt); in ¶55 (the Lake Warrenton Property was transferred from named defendants to named defendants' defendant Trusts on December 28, 2016, referencing a title report for the property, Ex. F, attached to complaint); ¶61 (alleging that after they learned plaintiff intended to collect on the note and guarantees, and after they had been sued on the same, the named individual defendants transferred the Lake Warrenton Property); and ¶118 (alleging the Ag Property was transferred when the debtor transferors were engaged in or about to be engaged in a business or transaction for which the debtors' remaining assets were insufficient).

In support of their argument, defendants rely on *Birkmeyer v. Keller Biomedical, LLC*, 312 S.W.3d at 389, arguing plaintiff has failed to allege fraud without particularity. In that case, the Missouri Court of Appeals found that petition was not pleaded with particularity because the plaintiff merely mirrored the "badges of fraud" with no supporting facts. In other words the complaint must plead the "who, what, where, when, and how" of the alleged fraud. *Ambassador Press, Inc. v. Durst Image Technology U.S., LLC*, 949 F.3d at 421. This case is more like *Ambassador Press* than *Birkmeyer*, in that plaintiff's allegations of fraud adequately cover who, what, where, and how of the alleged fraud. Additionally, the defendants were provided "more than enough information to adequately respond and prepare a defense, which is the critical inquiry under Rule 9(b)." *Id*.

Counts 1 and 6 of the second amended complaint are legally sufficient on their face. They allege the essential elements of fraudulent transfers of assets to fraudulently hinder plaintiff in liquidating its judgment debt against defendants.

***The alleged "business or transaction"***

The Court agrees with movants that plaintiff has only vaguely alleged in Counts 1 and 6 (¶¶ 58 and 118) the "business or transaction" that plays an important role in MUFTA. Therefore, plaintiff must allege with more specificity this "business or transaction."

***Plaintiff's prayers for relief***

Movants argue that plaintiff's prayers for relief should be dismissed or stricken because they "are not tied to any particular claim or allegations supporting the requests for such relief." (Doc. 59 at 4.) Plaintiff adverts to the broad scope of remedies available to a prevailing plaintiff is a MUFTA case. *See Citimortgage, Inc. v. JUST Mortgage, Inc.,* 2013 WL 6538680, at *3 (E. D. Mo. Dec. 13, 2013).

Plaintiff's Count 1 prayer for relief states:

> WHEREFORE, Plaintiff prays that this Court void the transfer of the Lake Warrenton Property; grant an attachment to the Lake Warrenton Property, all personal property of Defendants Marc Owen and Jacqueline Owen therein, and all other assets of Marc Owen and Jacqueline Owen in an amount not to exceed the Judgment Amount; grant an attachment to all assets of the Marc Owen Trust and Jacqueline Owen Trust in an amount not to exceed the value of the Lake Warrenton Property pending the outcome of this proceeding; levy execution on the Lake Warrenton Property or its proceeds; enter a judgement in its favor against Defendants Marc Owen, Jacqueline Owen, Marc Owen Trust and Jacqueline Owen Trust, jointly and severally, in an amount of the value of the Lake Warrenton Property at the time of transfer; grant an attachment to all other assets of any Debtor transferred in violation of MUFTA; together with Plaintiff's court costs, expenses, attorneys' fees and post-judgment interest on the Judgment Amount; and grant such other relief as Plaintiff is entitled under the law and that the circumstances may require.

(Doc. 57 at 11.) The Count 6 prayer for relief states:

> WHEREFORE, Plaintiff prays that this Court void the transfer of the Ag Property; grant an attachment to the Ag Property, all personal property of Defendants therein, and all other assets of Debtor transferors in an amount not to exceed the Judgment Amount; grant an attachment to all assets of Marc Owen Trust, Jacqueline Owen Trust, Samantha Owen, Zachary Owen and Joshua Owen in an amount not to exceed the value of the Ag Property

pending the outcome of this proceeding; levy execution on the Ag Property or its proceeds; enter a judgement in its favor against all Defendants, jointly and severally, in an amount of the value of the Ag Property at the time of transfer; grant an attachment to all other assets of any Debtor transferred in violation of MUFTA; together with Plaintiff's court costs, expenses, attorneys' fees and post-judgment interest on the Judgment Amount; and grant such other relief as Plaintiff is entitled under the law and that the circumstances may require.

AND FURTHER, with respect to the Lake Warrenton Property, Highway 47 Property, Owen Property I, Owen Property II, Owen Property III and Ag Property (the "Property"), Plaintiff prays that this Court grant as a provisional remedy an attachment of the Property pursuant to Mo. Rev. Stat. § 428.039.1(2) in order to preserve, and prevent prejudice to, Plaintiff's interests as a Judgment Creditor and MUFTA Creditor, until such time as this case is decided;

AND FURTHER, with respect to the defendants who are Debtors, an injunction pursuant to Mo. Rev. Stat. § 428.039.1(3)(a) against the transfer of any assets or property until such time as the Judgment Amount, post-judgment interest, costs and expenses are fully paid to Plaintiff;

AND FURTHER, with respect to the Defendants Marc Owen Trust, Jacqueline Owen Trust, Samantha Owen, Zachary Owen and Joshua Owen ("Owner Defendants"), an injunction pursuant to Mo. Rev. Stat. § 428.039.1(3)(a) against (i) further disposition of the Property and (ii) the transfer of any assets that would leave Owner Defendants unable to pay to Plaintiff the value of the Property transferred to the Owner Defendant as of the date of transfer of the Property;

AND FURTHER, void the transfer of all other assets and properties of Defendant Debtors, now known or hereafter discovered, that were transferred in violation of MUFTA within four years prior to the date of initial filing of this case; grant an attachment to said assets and property in an amount not to exceed the Judgment Amount, post-judgment interest, costs and expenses; grant an attachment to all assets and property of Defendant Debtors so transferred pending the outcome of this proceeding; levy execution on all such assets or property of Defendant Debtors and/or its proceeds; enter a judgement in Plaintiff's favor against all Defendants, jointly and severally, in the amount of the value of said assets and property at the time of transfer; grant an attachment to all other assets and property of any Defendant transferred in violation of MUFTA; together with Plaintiff's court costs, expenses, attorneys' fees and post-judgment interest on the

> Judgment Amount; and grant such other relief as Plaintiff is entitled under the law and that the circumstances may require.

(Doc. 57 at 22-24.)

Plaintiff's request for relief is a provisional remedy permitted under MUFTA. Mo. Rev. Stat. 428.039. Specifically, plaintiff seeks to void the transfer and grant an attachment to the property, and to all other assets of the Owens not to exceed the judgment amount, and grant an attachment to any property transferred in violation of MUFTA within four years prior to the date of the initial filing of the instant case. The Court recognizes the request for relief is limited in that it is not to exceed the judgment amount and is limited to four years prior to the initial filing of the instant case. At this stage of the proceedings where discovery is not yet complete, the Court does not require plaintiff to make a more definitive statement of the facts it relies on to support its requested relief.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the motion of certain defendants to dismiss Counts 1 and 6 of the second amended complaint (Doc. 58) **is denied.** However, under Federal Rule of Civil Procedure 12(e), plaintiff has 30 days to file a more definite statement of the "business or transaction" relating to Counts 1 and 6 (¶¶ 58 and 118).

David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on March 8, 2021.